UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:08-CR-75 |
| | ) | |
| JOHN THEODORE HANCOCK | ) | |

**REPORT AND RECOMMENDATION**

The defendant has filed a motion to suppress all evidence seized from his medical clinic building in Mooresburg, Tennessee, pursuant to a warrant issued by this court on June 8, 2006. (Doc. 37). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. An evidentiary hearing was held on March 27, 2009.

In 2006 and before, defendant was a licensed physician, practicing medicine in Mooresburg, Tennessee as Dr. John T. Hancock Family Practice. On June 8, 2006, Assistant United States Attorney M. Neil Smith applied to this court for a warrant to search defendant's medical building in Mooresburg for evidence of health care fraud, illegal distribution of controlled substances, money laundering, and tax fraud. AUSA Smith's application was supported by the affidavit of Special Agent Barry Carrier, a criminal investigator with the Tennessee Bureau of Investigation. Finding that Agent Carrier's affidavit established probable cause to believe that defendant's medical building would contain evidence of the criminal offenses described above, this court issued the warrant. It

was executed on June 12, 2006, by various state and federal law enforcement agents, who seized documents that included patient records, receipt books, prescription records, documents concerning real and personal property, and financial records.

In his motion to suppress, defendant argues that the information contained in the affidavit submitted to the magistrate judge in support of the application for the search warrant was stale, and therefore could not constitute probable cause.[1]

Probable cause is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). However, the factual information submitted to a judge in support of an application for a search warrant can be so old - "stale" - that it does not generate a fair probability that evidence of a crime will be found in a given place *at that time*, i.e., the time the warrant was applied for. Whether or not the information presented in support of a request for a search warrant is stale is determined by considering the nature of the crime, the criminal, the place to be searched, and the evidence to be seized; it is not determined on the basis of some arbitrary time limitation. *See, United States v. Spikes*, 158 F.3d 913, 923-24 (6th Cir. 1998).

Defendant is correct that the most recent allegation of criminal conduct by the defendant described in Agent Carrier's affidavit occurred in early 2004, over two years prior

---

[1] He also argues that there was no nexus between the alleged criminal activity and the place to be searched. It is apparent, however, that defendant's "lack of nexus" argument is but a nuance of his staleness argument: "Based on the age of the [allegations in the affidavit] there is insufficient information to show that evidence of a crime actually was present on the premises. . . on June 8, 2006. There is, therefore, a lack of nexus between the criminal activity alleged in the affidavit and the place to be searched." Def. motion, ¶ 7.

to the issuance of the search warrant. His argument is succinctly stated in paragraph 11 of his motion:

> It is Dr. Hancock's position that there is no information in the affidavit of any facts alleging *recent* criminal activity including further investigation, informants, controlled buys, surveillance or other information that would lead a reasonable officer to believe that a crime was being committed on the premises of Hancock Family Medical Practice on or about June 8, 2006.

Lest it be overlooked, the issue is not whether a crime had been committed on or shortly before June 8, 2006, but whether *evidence* of a crime likely was present on that date, regardless of when the underlying crime was committed: "'[T]he critical question is whether the information contained in the affidavit, when presented to the . . . judge, establish that there was fair probability that [evidence] would still be found at [the location of the search]." *Id*. In other words, a warrant is stale if the probable cause, while sufficient at some point in the past, is now insufficient as to evidence at a specific location.' *United States v. Abboud*, 438 F.3d 554, 572(6th Cir. 2006).

And thus the question: was there probable cause to believe that evidence relating to defendant's health care fraud, illegal prescribing practices, money laundering, and tax fraud would be found in his business premises some two years after the last date of relevant information furnished by Agent Carrier in his affidavit? In June 2006, this magistrate judge believed that the answer was yes, and he still so believes. Dr. Hancock was required by state law to maintain patient records for ten years.[2] To conclude that patient records were no

---

[2] ¶ 43, Affidavit.

3

longer on the premises would presuppose an assumption that a physician would violate state law by destroying patient records. By the same token, cash receipt books and financial records are customarily retained for many years by prudent individuals, especially professional people, in the event disputes arise concerning payment of bills, receipt of goods, and the like. As the Court of Appeals held in *Abboud, supra*, "business records are a type of evidence that defy claims of staleness." *Id*., 438 F.3d at 574.

Also, in ¶ 44 of Agent Carrier's affidavit, he stated that on February 23, 2006, he personally observed file folders within the building that appeared to be identical to folders that he previously observed which contained patient records.

In conclusion, bearing in mind that the evidence to be seized was patient records and financial records, all of which would be expected to be maintained in defendant's business premises for many years, the information in Agent Carrier's affidavit was not stale.

Assuming only for the sake of analysis that the probable cause was "stale," the "good faith" exception of *United States v. Leon,* 468 U.S. 897 (1984), is applicable. In *United States v. Czuprynski*, 46 F.3d 560 (6th Cir. 1995), the Sixth Circuit noted four circumstances in which an officer's reliance on a search warrant would not be reasonable. First, does the supporting affidavit contain information which the officer knew or should have known was false? Second, was the issuing magistrate not neutral and detached? Third, is the affidavit devoid of information that supports a probable cause determination making the officer's belief that probable cause exists completely unreasonable? Finally, is the warrant facially deficient? *Id.,* at 563-64. Clearly, the information is not false. There is no

4

allegation that the issuing judge was not neutral and detached. As stated above, the affidavit contained more than sufficient information to support probable cause that the records sought were still at the premises to be searched. Also, the warrant was properly sworn to, issued and returned. All the foregoing supports a good faith reliance on the legitimacy of the search warrant under *Leon, supra.*

Therefore, it is respectfully recommended that defendant's motion to suppress be DENIED.[3]

Respectfully submitted,

s/Dennis H. Inman
DENNIS H. INMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).